UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:08-CV-186 PS |
| vs. | ) | |
| | ) | |
| STASON L. WIETE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Jason Tye Myers, a *pro se* prisoner, filed an undated motion purporting to be pursuant to FED. R. CIV. P. 59(e) [DE 10].  Because he did not date the Motion nor otherwise indicate when he placed it with prison authorities for mailing, it is impossible at this time for the Court to determine whether the Motion was filed pursuant to RULE 59 or 60.  Nevertheless, regardless of which rule is applied, the Motion will be denied.

In my the original opinion, I held that Myers' claim was time barred, and in any event had to be dismissed on its merits.  In his present Motion he strongly argues that I was incorrect on the statute of limitations issue.  Because his claim must be dismissed whether it is untimely or not, I will not address the statute of limitations argument here.

Myers also strenuously reargues that the anonymous tip received by the police was insufficient to warrant stopping him.  In the order of dismissal, I explained at some length why the tip was sufficiently reliable to justify a *Terry* stop.  (*See* DE 8 at 4-6.)  In this motion, it is clear that Myers expects more than is required for reasonable suspicion.  But "[r]easonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that

required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is <u>less reliable</u> than that required to show probable cause." *Alabama v. White*, 496 U.S. 325, 330 (1990) (emphasis added).

Myers argues that the police officer who stopped him did not know his name at the time that he approached him.  This is irrelevant.  The caller provided his name and criminal history to other police officers who dispatched the arresting officer to look for Myers.  (*See* DE 8 at 5-6.)  The fact that Myers had a suspended driver's licence was not generally available information and it was independently verifiable by the police department.  Myers argues that the caller's tip did not contain sufficient predictive information.  That's not true because the tip accurately stated where and when Myers would be driving.  (*See id*.)  Myers argues that there was no indication of an illegal act, but Myers was seen driving and according to the tip, he had a suspended driver's licence.  (*See id*.)  Driving while suspended is an illegal act. Unlike *White*, this is not a close case.  The police were fully justified in stopping Myers.

Myers also argues that the police policy that required impounding his car violated state law.  In my original order, Myers' state law claims were dismissed without prejudice.  He is therefore free to pursue them in state court.  But state law violations are not a basis for a federal claim.  *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).  And the Fourth Amendment does not, "demand that police offer a motorist an alternative means of removing his vehicle that will avoid the need to tow it and conduct an inventory search." *United States v. Cherry*, 436 F.3d 769, 775 (7th Cir. 2006).

Myers makes other arguments attempting to bootstrap additional claims based on the stop and search of his car.  But all of these additional claims depend upon his claim that the stop and

search violated federal constitutional standards.  Since it did not, his other claims must fail.

      For the foregoing reasons, the Motion [DE 10] is **DENIED**.

      **SO ORDERED**.

      ENTERED: May 23, 2008

                                               <u>s/ Philip P. Simon</u>
                                               Philip P. Simon, Judge
                                               United States District Court